THE IOWA STATE INSURANCE COMPANY V. PROSSEE.

1. PREMIUM NOTES. The forfeiture of a policy of insurance by a mutual insurance company, does not discharge the party whose property was thereby insured from his liability to pay the assessments already made upon his premium note executed to the company in consideration of such policy.

*Appeal from Lee District Court.*

SATURDAY, OCTOBER 6.

*Turner & Craig* for the appellant, reviewed *Small* v. *The Herkimer Manufacturing and Hydraulic Co.*, 21 Wend 273 and 2 Com. 330 ; and held that it was not applicable to this case. They also cited 3 Hill 161, 508 ; Ang. & A. on Cor. 392 ; 2 Doug. (Mich.) 119 ; 19 Wend. 37 ; 7 Hill 49 ; 43 Maine 343 ; 35 N. H. 328 ; 8 Blackf. 50 ; 2 Carter (Ind.) 645 ; 19 Mo. 145.

*C. E. Moss* and *William Edwards* for the appellee, cited Ang. & Ames on Corp. section 550 ; *Small* v. *The Herkimer Manufacturing and Hydraulic Company*, 2 Com. 330.

BALDWIN, J.—The plaintiff brought suit to recover certain assessments made upon a premium note, given by the defendant which read as follows :

"For value received in policy 286, dated the 11th of May 1857, issued by the Iowa State Insurance Company, I promise to pay to the said Company the sum of one hundred and thir-

ty-five dollars in such portions and at such time or times as the directors of said Company may agreeably to their acts of incorporation and by-laws require.

(Signed)      WILLIAM PROSSEE.

Plaintiff claims that upon the 22d day of October 1857, an assessment of $24,30 had been made upon the note of said defendant in accordance with the articles of incorporation and by-laws of said Company, and that the said sum was due prior to the commencement of the suit.

The defendant in his answer admits the execution and delivery of the note, and that it was given in consideration of a policy of insurance issued to him; he further admits the right of the Company by virtue of their by-laws, to make and call in assessments upon their premium notes and also their right to declare all policies forfeited when such assessments are properly made and not paid. But defendant claims that he refused and neglected to pay to plaintiff the amount assessed to him above stated; that for the reason of such failure the plaintiff declared the said policy void, for which said note was given; that by this act of plaintff, defendant ceased to be a member of said Company; that the consideration for which said note was given, had, by this act of the plaintiff, entirely failed, and that defendant was not liable for the same, or any part thereof. To this answer plaintiff demurred, the demurrer was overruled by the Court and judgment rendered thereon against plaintiff; from which ruling this appeal is taken.

The question presented is, whether the Company by their act in declaring the policy of defendant forfeited, deprived themselves of the right to recover the assessments then due upon the note given by defendant.

The premium notes of a Mutual Insurance Company become the capital of said company. When a person becomes insured in this kind of a company. he executes his premium note with a full understanding that in case the Company sustain any losses, (in consideration of his policy)

he agrees to sustain his proportion of such losses.   He also gives his note with a full understanding of the right of the Company to declare such policy void in case he should fail to pay his share of such losses.   This forfeiture must be regarded in the light of a penalty for his failure to pay. The right to compel the payment of calls upon premium notes is what gives to the Company its existence.   It is not necessary, in this case, to pass upon the liability of defendant upon assessments made after the policy was forfeited. To determine this question a copy of the by-laws under which said Company assumed to act, should be before this court.   The amount assessed upon the note of defendant (and this is the only sum plaintiff can recover) was due before the policy of the defendant was forfeited.   His policy had been in existence from May 1857 until January 1858; and had his property insured been destroyed in the mean time he could have recovered from plaintiff upon such policy. This was a sufficient consideration for said note.   We think the defendant was liable for all assessments made during the existence of the policy.   3 Hill, 510.

The demurrer should have been sustained.

Judgment reversed.